**Jose Luis JAIMES, Jr., Plaintiff,**

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION; Aurora Bank, FSB; and Bert Ryan, Defendants.**

Case No. A–13–CA–122–SS.

United States District Court,
W.D. Texas,
Austin Division.

March 19, 2013.

William B. Gammon, Gammon Law Office, PLLC, Austin, TX, for Plaintiff.

Thomas M. Hanson, Michael Wang, Dykema Gossett, PLLC, Dallas, TX, for Defendants.

## ORDER

SAM SPARKS, District Judge.

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Federal National Mortgage Association (Fannie Mae) and Aurora Bank, FSB's Motion to Dismiss [# 6], to which Plaintiff Jose Luis Jaimes, Jr., has not responded.[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to dismiss.

### Background

This is a foreclosure case, removed from the 261st Judicial District Court of Travis County, Texas, on the basis of diversity jurisdiction. On November 30, 2006, Jaimes executed a Note and Deed of Trust in favor of Belvidere Networking Enterprises, doing business as Origin Funding, LLC, in order to purchase the property located at 7612 Marl Court, Austin, Texas 78747. The Deed of Trust identifies MERS as the beneficiary, acting as nominee for the lender and the lender's successors and assigns. On November 29, 2007, Defendant Bert Ryan filed articles of dissolution on behalf of Origin Funding, LLC. Belvidere's corporate charter was forfeited on August 7, 2009. On February 7, 2012, MERS assigned the Deed of Trust to Aurora Bank FSB. At some point, Jaimes apparently defaulted on the loan. Aurora recorded a Notice of Substitution of Trustee on April 9, 2012, and one of the named trustees, Juanita Strickland, subsequently filed notices of sale on May 14, 2012, and June 11, 2012. Aurora purchased the

---

1. The Local Rules provide: "A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion.... If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." Local Rule CV–7(e). Defendants' motion to dismiss was filed on February 19, 2013. As far more than fourteen days have passed and no response has been filed, the Court GRANTS the motion as unopposed. Alternatively, the Court will address the merits of the motion.

property at the foreclosure sale held on July 3, 2012.

Jaimes filed suit in the state court to contest the foreclosure. Fannie Mae and Aurora subsequently removed the case to this Court.[2] Jaimes's complaint contests the validity of the assignment from MERS to Aurora, and argues the foreclosure sale was unlawful because Aurora lacked authority to foreclose. In typical shotgun-pleading fashion, Jaimes asserts the following causes of action: (1) breach of contract; (2) violations of the Texas Property Code; (3) violations of the Texas Debt Collection Practices Act (DCPA); (4) violations of the Texas Deceptive Trade Practices Act (DTPA); (5) illegal collection of mortgage payments; (6) violations of Chapter 12 of the Texas Civil Practice and Remedies Code; and (7) a quiet title action. Defendants have moved to dismiss under rule 12(b)(6), arguing Jaimes fails to state any claim upon which relief can be granted.

## Analysis

### I. Motion to Dismiss—Rule 12(b)(6)— Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R.CIV.P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell* *Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).

---

**2.** Although Defendant Bert Ryan is allegedly a citizen of Texas, Ryan's only connection to the case is his filing of dissolution paperwork on behalf of Origin Funding, LLC. The state court records also reflect Ryan was never served in the state court, and nothing in this Court's records indicates Ryan has ever been served. Since Ryan's actions are completely irrelevant to all of Jaimes's causes of action and have nothing to do with this lawsuit, it appears Ryan was fraudulently joined for the purpose of defeating diversity jurisdiction and preventing removal.

## II. Application

As an initial matter, Jaimes's petition fails because his own factual allegations defeat his legal claims. Jaimes acknowledges MERS assigned the Deed of Trust to Aurora, and attaches a copy of the recorded assignment to his petition. Jaimes also attaches the Deed of Trust, which expressly names MERS beneficiary and nominee for the original lender, empowering it to conduct the assignment. Once the Deed of Trust was assigned to Aurora, a substitute trustee was appointed, notice of the foreclosure sale was given, and the property was sold. Jaimes's own allegations, taken as true, establish a lawful nonjudicial foreclosure, not unlawful conduct warranting judicial relief.

### A. Breach of Contract

■ Jaimes asserts Aurora breached the Deed of Trust by appointing a substitute trustee without authority. Aurora is alleged to have lacked authority because the Deed of Trust was "never legally transferred" to Aurora. The assignment from MERS to Aurora is attached to Jaimes's own petition, so Jaimes apparently claims there was some unspecified defect in this assignment, rendering it ineffective.

■ To the extent Jaimes seeks to challenge the validity of the assignment, he lacks standing to do so because he was not a party to the assignment. *See, e.g., Warren v. Bank of Am., N.A.,* No. 3:11–CV–3603–M, 2012 WL 3020075, at *4 (N.D.Tex. June 19, 2012); *Eskridge v. Fed. Home Loan Mortg. Corp.,* No. W–10–CA–285, 2011 WL 2163989, at *5 (W.D.Tex. Feb. 24, 2011). While courts, including this Court, have recognized two exceptions to this general rule, neither is applicable here. *E.g., Kramer v. Fed. Nat'l Mortg. Ass'n,*

No. A–12–CA–276–SS, 2012 WL 3027990, at *4–5 (W.D.Tex. May 15, 2012). Alternatively, even if Jaimes did have standing, his claims would still fail. Jaimes fails to plead any actual defect in the assignment, and he therefore fails to state a facially plausible claim. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.[3]

### B. Texas Property Code

■ Jaimes alleges Aurora violated unspecified provisions of Chapter 51 of the Texas Property Code, which governs foreclosure. Jaimes's claim is again defeated by his own factual allegations. The Deed of Trust named MERS as beneficiary, authorized the appointment of substitute trustees, and permitted the trustee to conduct a sale. The Texas Property Code itself authorizes nonjudicial foreclosures by mortgagees, defined to include beneficiaries, book entry systems like MERS, and assignees of a deed of trust. TEX. PROP. CODE § 51.0001(4). Nothing in Jaimes's complaint indicates the foreclosure sale was unlawful, and he therefore fails to state a claim under the Texas Property Code.

### C. Texas Debt Collection Practices Act

■ Jaimes alleges Aurora threatened to unlawfully collect on his debt, and misrepresented the status of his debt in an unspecific judicial or governmental proceeding. To the extent these vague claims arise from Jaimes's defective assignment argument, they fail to state a claim for the reasons discussed above. Jaimes's petition contains no facts to support the basic elements of the statute, as Jaimes never specifies the threats made, misrepresentations made, or judicial or governmental proceedings involved. *See* TEX. FIN. CODE § 392.304(a)(8). Additionally, Aurora was

---

**3.** It is also likely any breach of the Deed of Trust would be excused by Jaimes's own de-

fault, but the Court cannot confirm the timing of the default based on the pleadings.

not prohibited from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Id.* § 392.301(b)(3). Jaimes's TDCA claim is merely a recitation of the statutory language unsupported by any specific factual allegations, and is thus properly dismissed. *See Tuchman,* 14 F.3d at 1067.

## D. Texas Deceptive Trade Practices Act

 Jaimes also argues Aurora violated the DTPA. Like his DCPA claim, this claim is devoid of any specific factual allegations, and to the extent it relies upon the defective assignment argument, it fails for the reasons already discussed. Additionally, Jaimes's DTPA claim fails because he lacks standing to sue under the statute. In order to have standing to sue under the DTPA, Jaimes must be a "consumer" as the statute defines the term, meaning he must have sought or acquired, by purchase or lease, goods or services, and those goods or services must form the basis of his complaint. Tex. Bus. & Com. Code § 17.45(4); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 173 (Tex.1980). A mortgage loan is not a good or service, and even if it were, the loan itself does not form the basis of Jaimes's complaint because his allegations relate to conduct by parties other than the original lender unrelated to the furnishing of the purchase money. *See Riverside,* 603 S.W.2d at 174–75. Jaimes's DTPA claim must be dismissed.

## E. Illegal Collection of Mortgage Payments

█ Jaimes argues Aurora is liable for illegally collecting mortgage payments. While this Court is unaware of any authority explicitly supporting such a cause of action, even if one exists, the only basis for Jaimes's cause of action would be his meritless defective assignment theory. Additionally, Jaimes pleads no specific facts in support of such a claim, such as the amount of the payments made or the number of payments illegally received. Jaimes has failed to state a claim for the illegal collection of mortgage payments.

## F. Texas Civil Practice and Remedies Code

 Jaimes next alleges Aurora violated Texas Civil Practice and Remedies Code section 12.002 by filing five "fraudulent documents," presumably referring to the substitute trustee's deed and the various pre-foreclosure notices and appointments. Jaimes's own allegations provide no basis for believing these documents to be fraudulent, as they were all authorized by the Deed of Trust Jaimes signed and by the applicable foreclosure statutes. To the extent Jaimes asserts the assignment to Aurora was itself fraudulent, his claim fails because both the plain language and legislative history of the statute indicate it was never intended to apply to mortgage assignments. *Marsh v. JPMorgan Chase Bank, N.A.,* 888 F.Supp.2d 805, 812–14 (W.D.Tex.2012). Finally, based on the facts alleged, the documents could only have been fraudulent because the assignment to Aurora was defective, and the Court has already addressed those contentions. Jaimes's claims under the Texas Civil Practice and Remedies Code are therefore dismissed.

## G. Quiet Title

 Jaimes also seeks quiet title to the property on the grounds Fannie Mae is not the owner of the property. A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld. *Porretto v. Patterson,* 251 S.W.3d 701, 708 (Tex.App.-Houston [1st Dist.] 2007, no pet.). "The principal issue in a suit to quiet title is the

existence of a cloud that equity will remove." *Ballard v. Allen*, No. 12–03–00370–CV, 2005 WL 1037514, at *3 (Tex. App.-Tyler May 4, 2005, no pet.) (mem. op.). To quiet title in his favor, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex.App.-Beaumont 2000, pet. denied). In other words, the plaintiff must recover on the strength of his own title, not the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.-Corpus Christi 2001, no pet.).

Jaimes cannot maintain a quiet title action because Jaimes's allegations speak only to alleged weaknesses in Fannie Mae's title, not to the strength of Jaimes's own title. Nor does Jaimes allege any basis for believing the property is being wrongfully withheld, or any basis for viewing the substitute trustee's deed as a cloud on his title. Based on the facts alleged by Jaimes himself, it appears he defaulted on his mortgage, and his home was subsequently foreclosed on by the assignee of his Deed of Trust. Those facts do not state a claim for quiet title, and this claim is properly dismissed.

### Conclusion

Jaimes has failed to state any claim upon which relief can be granted, and has not shown himself entitled to any relief in law or equity. To the extent Jaimes seeks any injunctive or declaratory relief, such claims fail because they cannot stand alone absent some valid cause of action.

Accordingly,

IT IS ORDERED that Defendants Federal National Mortgage Association and Aurora Bank, FSB's Motion to Dismiss [# 6] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Jose Luis Jaimes, Jr.'s claims are DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff Jose Luis Jaimes, Jr. shall have TWENTY (20) DAYS from entry of this Order in which to file an amended complaint, or this case will be closed.