# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20585

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2015

Lyle W. Cayce
Clerk

ROBERT WADE FERGUSON; WENDY THOMPSON FERGUSON,

Plaintiffs–Appellants,

versus

THE BANK OF NEW YORK MELLON CORPORATION,
as Trustee for the Certificate Holders of CWMB, Inc. CHL Mortgage Pass
Through Trust 2006-9 Mortgage Pass Through Certificates Series 2006-9,
Formerly Known as The Bank of New York, Formerly Known as The Bank of
New York Mellon;

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INCORPORATED;

RESIDENTIAL CREDIT SOLUTIONS, INCORPORATED,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Robert and Wendy Ferguson defaulted on their residential mortgage loan and sought to enjoin Bank of New York Mellon Corporation ("BNY") from

No. 14-20585

foreclosing, claiming that the assignment of the deed of trust ("DOT") to BNY was void. The Fergusons also brought a false-lien claim under Texas Civil Practice and Remedies Code § 12.002 against BNY and Mortgage Electronic Registration Systems ("MERS"). The district court granted BNY's motion to dismiss, and the Fergusons appeal. We find no error and affirm.

## I.

In 2006 the Fergusons purchased a house in Texas with a $510,000 loan from Countrywide Home Loans, Inc. ("Countrywide"), executing a promissory note in favor of Countrywide and its successors and assigns secured by a DOT.[1] The DOT named MERS as a beneficiary and Countrywide's nominee, granting MERS the right to act on Countrywide's behalf and to foreclose.[2]

In 2011 MERS assigned the DOT to BNY—the trustee of the CWMB, Inc. CHL Mortgage Pass-Through Trust 2006-9 ("the Trust").[3] The Fergusons thereafter defaulted, and BNY initiated foreclosure proceedings.

The Fergusons sued BNY, MERS, and Residential Credit Solutions seeking an injunction and declaratory relief preventing BNY from foreclosing; the

---

[1] A "deed of trust" and a "mortgage" are distinct, but Texas courts use the terms interchangeably. *Rienagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 222 n.1 (5th Cir. 2013). We follow *Rienagel* and do the same.

[2] The DOT stated in relevant part:

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. . . . Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

[3] Various investors owned pass-through certificates in the Trust. The certificates operated as a mortgage-backed security, entitling their holders to the payments on the underlying mortgages. The assignment placed the Ferguson's DOT alongside other mortgages and DOTs within the Trust overseen by BNY.

No. 14-20585

Fergusons also brought a false-lien claim under Texas state law. The district court granted BNY's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim.

## II.

Because jurisdiction is based on diversity of citizenship, "Texas substantive law and federal procedural law apply to these state-law claims." *Harris Cnty. v. MERSCORP Inc.*, 791 F.3d 545, 551 (5th Cir. 2015). "We review a district court's decision on a [Rule] 12(b)(6) motion de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). We assess a Rule 12(b)(6) motion only on "the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). To avoid dismissal, a plaintiff must plead sufficient "facts to state a claim to relief that is plausible on its face."[4]

## III.

The Fergusons bring two issues on appeal. First, they claim MERS's assignment of the DOT to BNY was void, so BNY cannot foreclose. They contend the assignment was void because Texas law does not permit MERS—as a book-entry system[5]—to act as a beneficiary of a DOT. They alternatively maintain that New York law governs the validity of the assignment, under which

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see generally* 2 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 8.04[1][b] (Matthew Bender 3d ed. 2015).

[5] A book-entry system is a "national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." TEX. PROP. CODE ANN. § 51.001(1). A book-entry system is essentially a clearinghouse that tracks and facilitates transfers of beneficial ownerships in mortgage loans.

the assignment was void because it violated the Trust's pooling and service agreement ("PSA").  Second, the Fergusons posit that MERS's assignment of the DOT to BNY created a false lien in violation of Section § 12.002.

## A.

Borrowers have limited standing to challenge their lenders' assignments of their promissory notes and DOTs.  "In Texas [] an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment *voidable* at the election of the assignor . . . ." *Reinagel*, 735 F.3d at 225 (emphasis added).  But an obligor has standing to challenge an assignee's efforts to enforce the obligation on a ground that would render the assignment *void*.  *See id.*  Therefore, the Fergusons (obligors) have standing to challenge BNY's (assignee) efforts to foreclose if the Fergusons' claim would render the assignment void rather than voidable.  The Fergusons have failed to make that showing.

## 1.

The DOT specifically named MERS as a beneficiary with the right to "exercise any or all of those interests" in the DOT.  The Fergusons concede that language but claim that Chapter 51 of the Texas Property Code ("Chapter 51") does not allow MERS to act as a beneficiary.  They contend that Chapter 51 includes book-entry systems as eligible mortgagees only to allow book-entry systems to aid in administering foreclosures, not to act as beneficiaries.  Our precedent forecloses that argument.

We rejected a similar claim in *MERSCORP*, 791 F.3d at 559.  There, various Texas counties claimed MERS fraudulently misrepresented itself as the beneficiary of DOTs recorded in the counties.  The DOTs—using language

identical to the language in the Fergusons' DOT—named MERS as a beneficiary with the right to exercise all of the interests in a DOT.  The counties contended MERS had no interest in the debts or promissory notes and thus could not be a beneficiary of the DOTs.  We concluded MERS had committed no fraudulent misrepresentation because it was a valid beneficiary as a matter of contract law and under Chapter 51.  *Id.* at 558–59.  We reasoned that the DOTs explicitly designated MERS as a beneficiary, the borrowers agreed to the DOTs, and it was immaterial that MERS had no interest in the promissory notes or debts because Texas law treats a DOT and a note as separate instruments.  *See id.* at 558 (citing *Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 162, 165–66 (Tex. App.—Eastland 2010, pet. denied)).  Further, we observed that Chapter 51 grants MERS authority to act as a beneficiary of DOTs by including book-entry systems in Chapter 51's definition of "mortgagees" capable of initiating foreclosure.  *Id.* at 559.[6]

The Fergusons agreed to a DOT that explicitly designated MERS as the beneficiary with a right to exercise all the interests in the DOT.  Our precedent precludes the notion that MERS cannot act as a beneficiary under Chapter 51.  As a beneficiary, MERS had the right to assign the DOT.  Therefore, MERS' acting as the beneficiary did not render the transfer to BNY void, and the Fergusons' first issue fails as a matter of law.

---

[6] We have reached the same conclusion—albeit less directly—in other cases.  *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (per curiam) (deciding MERS's assignee was a valid "mortgagee" under Chapter 51 because MERS was a valid beneficiary capable of assigning DOTs); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (recognizing MERS qualifies as a mortgagee under Chapter 51 with authority to initiate foreclosure).  Texas state courts have reached similar conclusions.  *See, e.g.*, *Morlock v. Nationstar Mortg., L.L.C.* 447 S.W.3d 42, 46–47 (Tex. App.–Houston [14th Dist.] 2014, pet. denied) (noting that MERS was the beneficiary of the DOT and "had the authority to assign" it); *Athey*, 314 S.W.3d at 166; *Farkas v. Mortg. Elec. Registrations Sys., Inc.,* No. 11-12-00024-CV, 2014 WL 97293, at *2–3 (Tex. App.–Eastland Jan. 9, 2014, pet. denied) (mem. op.).

No. 14-20585

2.

The Fergusons posit that the assignment to BNY was void because it violated the Trust's PSA. Our decision in *Reinagel*, 735 F.3d at 228, directly defeats that argument under Texas law: We concluded that home-loan borrowers—such as the Fergusons—had no standing under Texas law to enforce a PSA because they were neither parties to the PSA nor intended third-party beneficiaries under it. *Id.* Even if the borrowers had standing to enforce the PSA as intended third-party beneficiaries, their cause of action would be for breach of the PSA. *Id.* The assignment would thus be voidable but not void. Therefore, the borrowers lacked standing under Texas law to challenge the lender's efforts to foreclose on the ground that it violated the PSA. The Fergusons offer no theory to distinguish themselves from the borrowers in *Reinagel*, so their claim under Texas law—that the assignment is void because it violated the PSA—fails.

The Fergusons also take the position that New York law governs whether the alleged PSA violation renders the transfer void, because the Trust is a common-law trust formed under New York law and the PSA states it should be construed in accordance therewith. They say an assignment that violates the PSA is void—rather than voidable—under New York's Estate Powers & Trust Law § 7-2.4,[7] so they have standing to challenge BNY's efforts to foreclose. This appeal to New York law, however, is unavailing.

The Fergusons rely on the unreported New York trial-court decision in *Wells Fargo Bank, N.A. v. Erobobo*, No. 31648/2009, 2013 WL 1831799 (N.Y. Sup. Ct. Apr. 29, 2013). There, a trustee accepted assignment of a note and

---

[7] "If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance, or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." N.Y. EST. POWERS & TRUSTS § 7-2.4.

mortgage after the trust was closed, which violated the trust's PSA. *Id.* at *8. The court concluded that Section 7-2.4 rendered void any conveyance made in violation of a PSA. *Id.*

The Appellate Division reversed: "[A] mortgagor whose loan is owned by a trust[] does not have standing to challenge the [assignee's] possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA."[8] This case cuts directly against the Fergusons' standing argument, even assuming New York law applies.

Assuming the Fergusons had standing to challenge violations of a PSA, New York courts have not applied Section 7-2.4 in the manner the Fergusons would hope but instead have treated a trustee's act in violation of the trust as voidable but not void.[9] Thus, even under New York law, any alleged violation of the PSA would render MERS's assignment of the DOT to BNY at most voidable but not void.

It therefore makes no difference which state's law applies. The Fergusons lack standing to challenge BNY's efforts to foreclose on the ground that MERS's assignment to BNY was void for violating the PSA. *See Reinagel*, 735 F.3d at 225.

---

[8] *Wells Fargo Bank, Nat'l Ass'n v. Erobobo*, 9 N.Y.S.3d 312, 314 (App. Div. 2015) (citing *Bank of N.Y. Mellon v. Gales*, 982 N.Y.S.2d 911, 911 (App. Div. 2014) (mem.) (finding borrowers "did not have standing to assert noncompliance with the subject lender's pooling service agreement")).

[9] *See In re Levy*, 893 N.Y.S.2d 142, 144 (App. Div. 2010) ("The essence of ratification is that the beneficiary unequivocally declares that he does not regard the act in question as a breach of trust but rather elects to treat it as a lawful transaction under the trust."); *Mooney v. Madden*, 597 N.Y.S.2d 775, 776 (App. Div. 1993) ("A trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's ultra vires act or agreement."); *Hine v. Huntington*, 103 N.Y.S. 535, 540 (App. Div. 1907) ("[T]he *cestui que trust* is at perfect liberty to elect to approve an unauthorized investment . . . .").

No. 14-20585

B.

The Fergusons claim BNY violated Texas's false-lien statute—Section 12.002—by falsely asserting the right to foreclose. To state a claim under Section 12.002, a plaintiff must plead facts showing that the defendant

> (1) made, presented, or used a document with knowledge that it was a fraudulent lien or claim against real or personal property or an interest in real or personal property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.[10]

The Fergusons fail to state a claim under Section 12.002. Their theory goes that BNY's attempt to foreclose was an assertion of a false lien because MERS could not validly assign BNY the right to foreclose. Without a valid assignment, BNY could only falsely assert the right to foreclose. Their false-lien claim is thus entirely derivative of their first claim that the assignment to BNY was invalid. But as we have explained, the assignment was valid.

It follows that BNY's lien (the right to foreclose) is in no way fraudulent. The DOT explicitly designated MERS as a beneficiary with the right to foreclose and gave MERS the right to assign the DOT. MERS validly assigned the DOT to BNY. The right to foreclose was validly created and assigned, so it is not a fraudulent lien. Moreover, assuming the Fergusons pleaded facts to show it was fraudulent, they have not pleaded facts to show that BNY knew it was fraudulent or intended any injury. In any event, because they have failed to plead facts showing BNY's lien was in fact fraudulent, the Fergusons have failed to state a claim under Section 12.002.[11]

---

[10] *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 964 (Tex. App.–Dallas 2013, no pet.) (quoting TEX. CIV. PRAC. & REM. CODE § 12.002(a)).

[11] We need not address the district court's alternate ground for dismissing—that the Fergusons failed to plead facts showing BNY *created* a lien rather than simply *transferred* one. Some courts have held that Section 12.002 requires the plaintiff to plead facts showing the defendant used an instrument purporting to create a fraudulent lien. *See, e.g.*, *Marsh v.*

No. 14-20585

The judgment of dismissal is AFFIRMED.

---

*JPMorgan Chase Bank, Nat'l Ass'n*, 888 F. Supp. 2d 805, 811–14 (W.D. Tex. 2012); *Jaimes v. Fed. Nat'l Mortg. Ass'n*, 930 F. Supp. 2d 692, 697 (W.D. Tex. 2013). But courts are not uniform in their application of Section 12.002, and some do not require *creation* of a lien. *See, e.g.*, *Bernard v. Bank of Am., Nat'l Ass'n*, No. 04-12-00088-CV, 2013 WL 441749, at *4 (Tex. App.—San Antonio Feb. 6, 2013, no pet.) (mem. op.); *Venegas v. U.S. Bank Nat'l Ass'n*, No. SA-12-CV-1123, 2013 WL 1948118, at *7 (W.D. Tex. May 9, 2013); *Kingman Holdings, LLC v. CitiMortgage, Inc.*, No. 4:10-CV-619, 2011 WL 1883829, *5–6 (E.D. Tex. Apr. 21, 2011). It is best to affirm for the reasons stated and avoid weighing in on the split of authority in interpreting this state statute.