# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2021

Lyle W. Cayce
Clerk

No. 20-20592

SANTIAGO ARTURO RIVAS RODRIGUEZ,

*Plaintiff—Appellant*,

*versus*

WALLACE L. CARROLL, *Acting Director, Houston Field Office, US Citizenship and Immigration Services*; TRACY RENAUD, *Senior Official Performing the Duties of Director of United States Citizenship and Immigration Services*; ALEJANDRO MAYORKAS, *Secretary, U.S. Department of Homeland Security*; MERRICK GARLAND, *U.S. Attorney General*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1406

---

Before DAVIS, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20592

The district court dismissed Santiago Arturo Rivas Rodriguez's lawsuit challenging the United States Customs and Immigration Service's ("USCIS") denial of his petition for Special Immigrant Juvenile ("SIJ") status. We AFFIRM.

## I.    Background

Rivas Rodriguez is a native and citizen of Colombia, born on July 14, 1998. He entered the United States in January 2014 after allegedly suffering physical and emotional abuse from his mother and being abandoned by his father.[1] In September 2015, his aunt and uncle sought and obtained custody of Rivas Rodriguez in Texas state court of general jurisdiction by bringing a Suit Affecting the Parent-Child Relationship ("SAPCR"). The state court's SAPCR order awarded custody to Rivas Rodriguez's aunt and uncle. However, it also appointed Rivas Rodriguez's parents as joint managing conservators, and it made no findings regarding the nonviability of parental reunification or whether it would be in Rivas Rodriguez's best interest to be repatriated.

Later that year, Rivas Rodriguez's aunt brought a suit for a declaratory judgment in a different Texas state court of general jurisdiction,[2] seeking

---

[1] Rivas Rodriguez's older sister entered the United States with him and was involved in the proceedings described below.

[2] The SAPCR and the suit for declaratory judgment were respectively filed in the 418th and 410th Judicial District Courts of Montgomery County. *See* Tex. Gov't Code Ann. §§ 24.007, 24.110, 24.562. As courts of general jurisdiction, they have the authority to rule on family law matters, including those affecting juveniles. *See id.* §§ 24.007, 24.601; Tex. Const. art. V, § 8. But there is no indication that either state court was acting as a juvenile court when it issued its order. Indeed, Montgomery County has no statutorily specified family or juvenile court, *see* Tex. Gov't Code Ann. §§ 24.601–.644, and Montgomery county district courts have jurisdiction to rule on all family law matters in that county, Montgomery (Tex.) Dist. Ct. Loc. R. 1. The parties have not advised

2

such nonviability-of-reunification and repatriation findings. The court issued a declaratory judgment after Rivas Rodriguez turned eighteen, finding that Rivas Rodriguez was unmarried; was abused by his mother and neglected by his father; was a dependent on the court as no parent was able to care for him in his home country; could not viably be reunified with his parents; and that it was not in his best interest to be returned to his home country.

Rivas Rodriguez relied on this declaratory judgment order to petition for SIJ status with USCIS. USCIS denied the petition. So did USCIS's Administrative Appeals Office. *Matter of S-A-R-R-*, ID# 01553102, 2019 WL 1469703, at *8 (AAO Feb. 8, 2019). Having exhausted his administrative remedies, Rivas Rodriguez sued USCIS in federal district court, arguing that USCIS violated the Administrative Procedure Act in denying his petition for SIJ status. The district court granted USCIS's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Rivas Rodriguez timely appealed.

## II.    Discussion

As this case concerns USCIS's denial of a petition for SIJ status, we start with the statutory and regulatory regime governing SIJ status eligibility. As relevant here, an applicant must satisfy three requirements to be eligible for SIJ status.[3]  8 U.S.C. § 1361 (providing that the SIJ applicant bears the burden of proving eligibility). In particular, the applicant must establish that:

> (1) a juvenile court declared the applicant a "dependent" on the court, *id.* § 1101(a)(27)(J)(i), 8 C.F.R. § 204.11(c)(3), (d)(2)(i);

---

whether there are any local directives assigning certain types of cases to certain district courts as is the case in some Texas counties.

[3] A fulsome background on SIJ status eligibility is provided in *Budhathoki v. Nielsen*, 898 F.3d 504, 508–09 (5th Cir. 2018).

No. 20-20592

(2) reunification with one or both of the applicant's parents is "not viable due to abuse, neglect, abandonment, or a similar basis found under State law," 8 U.S.C. § 1101(a)(27)(J)(i);[4] and

(3) an administrative or judicial proceeding determined that it would not be in the applicant's "best interest" to be repatriated or returned to the county of last habitual residence, *id.* § 1101(a)(27)(J)(ii), 8 C.F.R. § 204.11(d)(2)(iii).

Rivas Rodriguez argues that he satisfied the three requirements for SIJ status eligibility by providing the first state court's SAPCR order and the

---

[4] The parties contest whether the nonviability-of-reunification determination must be made by a juvenile court. The statute specifies that at least *some* aspects of the SIJ status determination must be performed by such a court, but that requirement is not specifically laid out in the clause discussing the nonviability-of-reunification determination. SIJ status eligibility applies to applicants:

> who ha[ve] been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law.

8 U.S.C. § 1101(a)(27)(J)(i). The corresponding regulations do not clarify the matter, as they have not yet been updated to reflect the statutory amendment in 2008 that added that nonviability-of-reunification requirement. *See Budhathoki*, 898 F.3d 508 & n.4 (citing 8 C.F.R. § 204.11(d)(2)). Because we can resolve this case on other grounds, however, we need not, and do not, resolve this novel legal question concerning whether a juvenile court must be the source of a nonviability-of-reunification decision. *Compare, e.g., Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480 (2021) (resolving a statutory interpretation question based on the exact wording of the statute at issue), *with U.S. Nat'l Bank of Ore. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 454 (1993) (recognizing that resolving a statutory interpretation question under "a purported plain-meaning analysis based only on punctuation is necessarily incomplete and runs the risk of distorting a statute's true meaning"). We also need not, and do not, consider whether a general-jurisdiction court that has the authority to rule on juvenile matters may be the source of the nonviability-of-reunification decision.

second state court's declaratory judgment. He contends that the district court erred in holding otherwise.[5]

We review the district court's dismissal de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (quotation omitted). Our review is limited to only "the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Id.* (quotation omitted). To avoid dismissal, Rivas Rodriguez "must plead sufficient facts to state a claim to relief that is plausible on its face." *Id.* (quotation omitted).

Assuming arguendo that a court with the power to rule on juvenile matters may make the requisite nonviability-of-reunification determination,[6]

---

[5] Rivas Rodriguez makes two additional arguments, but both lack merit. First, he argues that USCIS retroactively applied new guidance on SIJ status eligibility in evaluating his claim. But USCIS guidance on SIJ status eligibility has not changed since 2009. *Compare* 2 U.S. Citizenship & Immigration Servs., Policy Manual J.2.C (2021) (providing the eligibility requirements for SIJ status), *with* Memorandum from Donald Neufeld, Acting Associate Director, U.S. Citizen & Immigration Servs., to Field Leadership, Trafficking Victims Protection Reauthorization Act of 2008: Special Immigrant Juvenile Status Provisions 2 (Mar. 24, 2009), available at https://www.uscis.gov/sites/default/files/document/memos/TVPRA_SIJ.pdf (providing the same eligibility requirements).

Second, he argues that USCIS erred in denying his petition because USCIS had previously approved SIJ status for applicants with similar state declaratory judgments and discovery would reveal USCIS's inconsistent approvals. We have rejected this argument in another SIJ status case, and we do so again here. *Ochoa-Castillo v. Carroll*, 841 F. App'x 672, 674–75 (5th Cir. 2021) (per curiam); *see also La. Philharmonic Orchestra v. INS*, No. Civ. A. 98-2855, 2000 WL 282785, at *2–3 (E.D. La. Mar. 15, 2000) (holding that an agency need not approve applications simply because similar applications were approved in error), *aff'd*, No. 00-30424, 2001 WL 85907, at *2 (5th Cir. 2001) (per curiam).

[6] As explained above, we do not resolve whether a juvenile court must make the nonviability-of-reunification determination, nor how to analyze general-jurisdiction Texas

Rivas Rodriguez failed to plead that he provided such a determination, as neither the SAPCR order nor the declaratory judgment are sufficient.

The SAPCR order clearly did not determine that reunification was nonviable.[7]  In fact, by granting Rivas Rodriguez's parents joint managing conservatorship through the SAPCR order, the state court implicitly found that abuse and neglect was not so significant that Rivas Rodriguez was prevented from reunifying with one or both his parents. *See* TEX. FAM. CODE ANN. § 153.131(a) (providing that a child's parents be appointed joint managing conservators of the child "unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development").

Nor can the state court declaratory judgment ameliorate the SAPCR order's lack of the necessary determination.  Under Texas law, courts (including those of general jurisdiction) lack jurisdiction to make custody determinations for an individual—including determining whether reunification with one or both parents is not viable due to abuse or neglect— after that individual turns eighteen years old.  *See id.* §§ 101.001, 003 (providing that the definition of a "child"—a person under eighteen years of age who is not married—applies to the entire Texas Family Code); *id.* § 161.001(b) (providing that a court may terminate parental rights of a child for abuse or neglect); *see also Ngo v. Ngo*, 133 S.W.3d 688, 691 (Tex. App.— Corpus Christi 2003, no pet.) (holding that no justiciable controversy existed over the general-jurisdiction district court's custody determination because

---

courts with the authority to rule on juvenile matters that do not generally do so. *See supra* note 4.

[7] Indeed, Rivas Rodriguez concedes that the SAPCR order made no such finding.

the child turned eighteen during the appeal); *In re J.L.E.O.*, No. 14-10-00628-CV, 2011 WL 664642, at *2 (Tex. App.—Houston [14th Dist.] Feb. 24, 2011, no pet.) (holding that the court lacked jurisdiction over the plaintiff's request for a declaratory judgment seeking the necessary SIJ status findings because the individual seeking SIJ status had turned eighteen). Thus, as USCIS concluded, the Texas court that issued the declaratory judgment order lacked jurisdiction to make a nonviability-of-reunification determination necessary for SIJ status eligibility.

As neither the SAPCR order nor the declaratory judgment satisfies the nonviability-of-reunification determination requirement, Rivas Rodriguez failed to plead that he was eligible for SIJ status, and the district court did not err in dismissing Rivas Rodriguez's claim.[8]

Accordingly, we AFFIRM.

---

[8] Although the district court rejected the findings in the declaratory judgment because the judgment was not issued by a juvenile court, we may affirm for reasons other than those relied upon by the district court, *LLEH, Inc. v. Wichita Cnty.*, 289 F.3d 358, 364 (5th Cir. 2002), so long as the agency came to the same conclusions we rely on today, *Hayward v. U.S Dep't of Lab.*, 536 F.3d 376, 380 (5th Cir. 2008), which it did.