# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-30759
Summary Calendar

———————————

Gator Mitchell,

*Plaintiff—Appellant*,

*versus*

Robert Goings, *Sergeant*; John Craine, *Sergeant*; Gary King, *Sergeant*; Brink Hillman, *Captain*; Robert Tanner, *Warden*,

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-1333

———————————————————————————

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:[*]

Gator Mitchell, former Louisiana prisoner # 711538, raised claims of excessive force and failure to protect under 42 U.S.C. § 1983, and state-law claims of negligence and respondeat superior. He contests the magistrate judge's dismissal without prejudice of his claims for failure to exhaust. *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust administrative

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

remedies). Mitchell asserts: he exhausted his administrative remedies; alternatively, he was not required to exhaust them because he was released from Louisiana custody during the pendency of this appeal; and prison officials thwarted his attempt to use the administrative-review process.

Defendants' various summary-judgment and Rule 12(b)(6) motions to dismiss were granted, and Mitchell's claims against all defendants were dismissed without prejudice. For purposes of our review, we need not repeat the well-known standards for our *de novo* review of summary-judgments and Rule 12(b)(6) motions. *E.g.*, *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (outlining summary-judgment standard); *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (outlining Rule 12(b)(6) standard).

Mitchell's contentions are unavailing. First, the Louisiana Administrative Code permits a prisoner to proceed to the second step of the administrative process if a first-step response is not received within the prescribed time limit. *See* LA. ADMIN. CODE tit. 22, pt. I, § 325(J)(1)(c) ("[E]xpiration of response time limits shall entitle the offender to move on to the next step in the process".); *e.g.*, *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) (explaining administrative process). Second, despite his release from Louisiana custody, Mitchell was still bound by the exhaustion requirement because he filed his action while in custody. *See, e.g.*, *Williams v. Henagan*, 595 F.3d 610, 619 (5th Cir. 2010) ("[Defendant]'s release during the pendency of the suit does not relieve him the obligation to comply with 42 U.S.C. § 1997e".). Third, Mitchell fails to support his contention that prison officials thwarted his attempt to complete the administrative process.

AFFIRMED.