# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2024

Lyle W. Cayce
Clerk

————————

No. 23-40532

————————

Najva Farshid, *on behalf of her child*, E.K., *a minor*,

*Plaintiff—Appellant*,

*versus*

Allen Independent School District, *through its* Board of Trustees; Julie Young, *in her official and individual capacity*; Terreva Bryant, *in her official and individual capacity*; Crystal Bunch, *in her official and individual capacity*; Doug Wilhelm, *in his official and individual capacity*; Doe Defendants 1-20, *inclusively*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CV-821

———————————————————————

Before Dennis, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Najva Farshid appeals the district court's dismissal of the substantive due process claims she brought on behalf of her daughter, E.K., against E.K.'s school district and the teachers who physically

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

restrained E.K. during a disciplinary incident. Because Farshid's claims are foreclosed by precedent, we AFFIRM.

## I.

E.K. was a student at Ford Middle School in the Allen Independent School District (AISD), located in Texas. To better protect E.K. from bullying, the school placed E.K. in the school's Pass and Study Skill (PASS) program.

According to Farshid's allegations, on October 5, 2020, AISD employees Defendant-Appellees Julie Young and Terreva Bryant visited Ford Middle School as part of the PASS program in their roles as behavioral coaches. Young and Bryant instructed Defendant-Appellee Crystal Bunch, another AISD employee, to observe E.K.'s behavior during her science class. At one point, Bunch instructed E.K. to leave the classroom and follow her to another room. E.K. left the classroom but, instead of following Bunch, attempted to go to Assistant Principal Amy Sanford's office to ask why she had been removed from class. Young and Bryant then lifted E.K. by the arms and carried her to a separate room. E.K. complained that Young and Bryant were hurting her. Two teachers who passed by did not intervene.

Once in the other room, E.K. took out her cell phone and tried to call her aunt, but Young and Bryant took her phone away. E.K. tried to grab her phone back, at which point Young and Bryant wrestled her to the ground and placed their knees on her back to restrain her. All the while, E.K. demanded that she be allowed to call her aunt or mother. E.K. attempted to call 911 on her Apple watch, but Young and Bryant took the watch from her while urging her to stop resisting. While restrained on the ground, E.K. found it difficult to breathe and eventually vomited. Defendant-Appellee Doug Wilhelm, the school's principal, entered the room, and E.K. asked him to let her call her mother or aunt. Wilhelm told E.K. that she could call her mother when she

calmed down. Ultimately, E.K. was not allowed to call her mother until the end of the school day. As a result of this incident, E.K. suffered hemorrhages under both eyes, arm scratches and bruising, chest pain, and back/spinal pain. She also underwent therapy after this incident.

Farshid, E.K.'s mother, filed suit on E.K.'s behalf against the AISD as well as Young, Bryant, Bunch, and Wilhelm in their individual and official capacities. She alleged the Defendants violated E.K.'s substantive due process rights under the Fourteenth Amendment, through 42 U.S.C. § 1983, and committed several torts under Texas law. The Defendants moved to dismiss Farshid's state-law claims under Federal Rule of Civil Procedure 12(b)(1) and Farshid's § 1983 claims under Federal Rule of Civil Procedure 12(b)(6). The district court granted the Defendants' motion and dismissed all claims. Farshid timely appealed, challenging only the dismissal of her § 1983 claims.

## II.

We review *de novo* a district court's ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (citing *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)). We accept all well-pleaded facts as true, and viewing them in the light most favorable to the plaintiff, we must decide whether the plaintiff pleaded sufficient facts to state a claim for relief that is plausible on its face. *Id.* (first citing *Stokes*, 498 F.3d at 484; and then citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.

Farshid appeals the dismissal of her § 1983 claims. "'[C]orporal punishment in public schools implicates a constitutionally protected liberty interest' under the Fourteenth Amendment." *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 414 (5th Cir. 2021) (quoting *Ingraham v. Wright*, 430 U.S.

651, 672 (1977)). However, in this circuit, "injuries sustained incidentally to corporal punishment, irrespective of the severity of these injuries or the sensitivity of the student, do not implicate the due process clause *if* the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions." *Fee v. Herndon*, 900 F.2d 804, 808 (5th Cir. 1990). We have consistently held that Texas provides adequate alternative remedies in the forms of civil and criminal liability. *See, e.g.*, *J.W. v. Paley*, 81 F.4th 440, 454 (5th Cir. 2023); *T.O.*, 2 F.4th at 415; *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 875 (5th Cir. 2000). The one exception is that corporal punishment will violate substantive due process despite the presence of alternative state remedies if the punishment was "arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning." *T.O.*, 2 F.4th at 415 (quoting *Fee*, 900 F.2d at 808).

Farshid does not argue that the Defendants' conduct was "arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning," *see T.O.*, 2 F.4th at 415, and that argument is therefore forfeited, *see Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021). Farshid also acknowledges our precedent has found Texas's civil and criminal remedies to be adequate. *See, e.g.*, *J.W.*, 81 F.4th at 454; *T.O.*, 2 F.4th at 415; *Moore*, 233 F.3d at 875. However, Farshid argues our precedent is wrong. Nevertheless, under our rule of orderliness, "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) (citing *United States v. Simkanin*, 420 F.3d 397, 420 n.25 (5th Cir. 2005)). Farshid points to no such change, and our precedent soundly forecloses her § 1983 claims. *See, e.g.*, *T.O.*, 2 F.4th at 414–16 (affirming dismissal of a substantive due process claim against a Texas

teacher who placed a student in a chokehold on the ground after the student was removed from class but attempted to push past the teacher and return to the classroom); *J.W.*, 81 F.4th at 452–54 (affirming dismissal of a substantive due process claim against a Texas school resource officer who tased a student after a struggle to prevent the student from exiting the school).

## IV.

The judgment of the district court is AFFIRMED.