# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2025

Lyle W. Cayce
Clerk

––––––––––––

25-60225

––––––––––––

Geⱺrge Dunbar Prewitt, Jr.,

*Plaintiff—Appellant*,

*versus*

James Kent McDaniel,

*Defendant—Appellee.*

––––––––––––––––––––––––––––––

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CV-3015

––––––––––––––––––––––––––––––

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

*Pro se* Plaintiff-Appellant George Dunbar Prewitt, Jr. appeals the district court's denial of his claims against County Court Judge James Kent McDaniel arising from a speeding-ticket conviction and its denial of his motion to disqualify the district judge. Prewitt now also moves to disqualify certain Fifth Circuit judges. We affirm the judgment of the district court and deny Prewitt's motion.

––––––––––––––––––––––––

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60225

## I.

In May 2019, George Dunbar Prewitt, Jr. received a speeding ticket for driving 78 mph in a 65 mph zone in Yazoo County, Mississippi. After being found guilty in Yazoo County Justice Court, Prewitt appealed the conviction to the County Court of Yazoo County. For administrative reasons, the Chief Justice of the Mississippi Supreme Court appointed Judge James Kent McDaniel, then a judge on the County Court of Rankin County, Mississippi, to preside over Prewitt's appeal by trial *de novo*. On October 19, 2023, Judge McDaniel conducted that trial, again finding Prewitt guilty and ordering him to pay a $179.50 fine.

On October 18, 2023, the day before Prewitt's speeding-ticket appeal was heard, however, Prewitt filed a federal lawsuit against Judge McDaniel, asserting that his original speeding-ticket proceeding (the one in Yazoo County *Justice* Court, rather than the one presided over by Judge McDaniel in Yazoo *County* Court) violated his constitutional rights.[1] Specifically, Prewitt argued that the trial was held without a jury and in a county where the offense did not occur. He also used this as an opportunity to challenge the legitimacy of the 1890 Mississippi Constitution. He then moved to disqualify the federal district judge, based on his belief that an alleged "progeny of American enslavers" could not "fairly adjudicate" his case because Prewitt is "a descendant of American slaves."

The district court dismissed Prewitt's complaint, ruling that he failed to establish an injury in fact and thus lacked standing under Article III. The court also denied Prewitt's motion to disqualify the district judge. On appeal,

---

[1] The complaint names Judge McDaniel but does not explain why Prewitt chose to sue him in particular.

No. 25-60225

Prewitt challenges these rulings. He separately moves to disqualify certain Fifth Circuit judges.

## II.

"We review a district court's decision on a Rule 12(b)(6) motion de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (citation modified) (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)).

A recusal motion under 28 U.S.C. § 455 is committed to the sound discretion of the district judge. *Chitimacha Tribe of La. v. Harry L. L. Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982). "In reviewing a district court's denial of a motion to recuse, 'we ask only whether [the judge] has abused that discretion.'" *Matter of Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992) (quoting *Chitimacha Tribe*, 690 F.2d at 1166).

## III.

### A.

Federal courts are not "publicly funded forums for the ventilation of public grievances." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982). A plaintiff must have standing to proceed in federal court. *Id.* Article III of the United States Constitution requires an actual case or controversy giving the court subject matter jurisdiction. *See id.* To establish Article III standing, a plaintiff must prove three things: (1) an injury in fact; (2) a traceable causal connection; and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "Abstract injury is not enough." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Rather, the "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the

challenged . . . conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Id.* at 101–02 (internal quotation marks omitted).

Prewitt's constitutional claims fail at every turn. His speeding ticket was a petty offense carrying a maximum penalty of six months, so he had no right to a jury trial under either the Sixth Amendment or Article III. *See Blanton v. City of N. Las Vegas*, 489 U.S. 538, 541 (1989) ("It has long been settled that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.") (quotation omitted); *Landry v. Hoepfner*, 840 F.2d 1201, 1205 n.10 (5th Cir. 1988) ("[T]here is no distinction between the jury trial provisions of Article III, Section 2, and the Sixth Amendment with respect to the grade or character of offense which gives rise to entitlement to a jury."). Because no jury trial right attached, the Sixth Amendment's venue clause—requiring trial in the "State and district wherein the crime shall have been committed"—is likewise inapplicable. Prewitt's contention that the proceeding occurred in the wrong county therefore raises no constitutional concern.

Nor does Prewitt plausibly allege a violation of his right to a public trial. His conclusory assertion that others were asked to wait in the lobby while trial occurred behind closed doors—without any indication of duration, justification, or resulting harm—does not establish a Sixth Amendment deprivation. *See United States v. Lipscomb*, 539 F.3d 32, 42–43 (1st Cir. 2008) (bare assertion that the courtroom was temporarily locked, supported only by a short, unsworn, handwritten note, was insufficient to show deprivation of defendant's Sixth Amendment right to public trial), *cert. denied*, 555 U.S. 1124 (2009). In sum, Prewitt's bare allegations fall well short of showing any concrete injury or constitutional violation. Accordingly, the district court was correct to dismiss Prewitt's complaint.

No. 25-60225

Prewitt's contention that the 1890 Mississippi Constitution is "illegal" is likewise without merit. The United States Supreme Court has repeatedly adjudicated disputes involving the Mississippi Constitution and has never suggested that its manner of adoption renders it illegitimate. *See, e.g.*, *Yazoo & M.V.R. Co. v. Adams*, 180 U.S. 1 (1901); *Mobile, Jackson & Kansas City R. Co. v. Turnipseed*, 219 U.S. 35 (1910); *Mississippi v. Arkansas*, 415 U.S. 289 (1974). Prewitt fails to show otherwise.

## B.

To obtain recusal under 28 U.S.C. § 455, "[t]he movant must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe*, 690 F.2d at 1165. "A 'remote, contingent, or speculative' interest is not one 'which reasonably brings into question a judge's partiality.'" *Matter of Billedeaux*, 972 F.2d at 106 (quoting *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988), *cert. denied*, 490 U.S. 1102 (1989)). Disagreement with a court's prior decisions is not a proper basis to seek recusal. *See Wiley v. Dep't of Energy*, No. CV 21-933, 2021 WL 2853110, at *4 (E.D. La. July 8, 2021). "[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972).

The court finds no abuse of discretion in the district court's denial of Prewitt's recusal motion. Prewitt's allegations of bias, based on the judge's alma mater and speculative claims about his ancestry, rest on conjecture, not fact. And dissatisfaction with a judge's prior rulings provides no basis for disqualification. Nor may a litigant dictate the assignment of a judge.[2] The district court properly rejected these meritless arguments.

---

[2] Prewitt mistakenly believes that he can dictate the qualities of the judge assigned to his case.

No. 25-60225

Prewitt also moves to disqualify certain Fifth Circuit judges.[3] His motion lacks any valid basis. Under 28 U.S.C. § 455, recusal is required only where a judge's impartiality might reasonably be questioned based on objective facts, not on conjecture or broad sociopolitical criteria. Prewitt offers none. His proposed disqualifications—encompassing any judge with ancestral ties to slavery, prior rulings with which he disagrees, or membership in unspecified organizations—are speculative, overbroad, and unrelated to any personal bias in this case. Accordingly, the court finds no reasonable basis for recusal.

## IV.

For the foregoing reasons, the judgment of the federal district court is AFFIRMED. Prewitt's motion to disqualify certain Fifth Circuit judges is DENIED.

---

[3] Specifically, Prewitt wishes to disqualify any judge "(a) whose family tree history indicates ties with American Slavery in any respect, (b) judicial decisions indicate a possibility enmity, or reticence, to enforce the constitutional guarantees of equality of all, (c) who has participated, at any time, in any activity that seeks to humiliate or ostracize the American Slaves and the descendants whether in 'blackface' or some similar behavior, and (d) who has been, or is now, a member of any organization that seeks to defund any governmental benefit designed to benefit the descendants of American Slaves, including federal, state, and private programs that are aimed at ameliorating the lasting effects of American Slavery."