[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11442
_____

D.C. Docket No. 1:12-cv-00228-WS-N


WINSTON GAILLARD,
as personal representative of the estate of
Jermaine Gaillard, deceased,

                                        Plaintiff - Appellee,

versus

SAMUEL COMMINS,

                                        Defendant - Appellant,

CITY OF SATSUMA,

                                        Defendant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(April 7, 2014)

Before HULL, Circuit Judge, and WALTER,[*] District Judge, and GOLDBERG,[**] Judge.

HULL, Circuit Judge:

Defendant-Appellant Samuel Commins is a police officer for the City of Satsuma, Alabama. Officer Commins was part of a high-speed chase that ensued after a vehicle suspected of transporting multiple kilograms of cocaine fled a traffic stop. Jermaine Gaillard was a passenger in the suspect vehicle. Eventually, the suspect vehicle spun out of the road and came to a stop. An unarmed Gaillard abandoned the vehicle and fled on foot. Officer Commins then turned his police vehicle towards Gaillard's running path, accelerated, and struck Gaillard. Gaillard died from the injuries sustained in the collision.

Plaintiff-Appellee Winston Gaillard is the personal representative of Jermaine Gaillard's estate.[1] He brought suit against Officer Commins alleging state-law claims and various federal constitutional violations under 42 U.S.C. § 1983. The district court denied summary judgment as to Gaillard's (1) Fourth Amendment, (2) substantive due process, (3) procedural due process, and (4) free speech claims. The district court also denied summary judgment on Gaillard's

---

*Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

**Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

[1]We will refer to both Plaintiff Winston Gaillard and the deceased Jermaine Gaillard as "Gaillard."

2

state-law wrongful death claim premised on willful and malicious acts. After careful review of the record and the briefs, and with the benefit of oral argument, we affirm in part and reverse in part.

## I. GAILLARD'S FOURTH AMENDMENT CLAIM

Gaillard's amended complaint alleged that Officer Commins intentionally struck the unarmed Gaillard with his police vehicle to effect an arrest. This, according to Gaillard, was excessive force and thus constituted an unreasonable seizure under the Fourth Amendment. Officer Commins argues that he is entitled to qualified immunity as to Gaillard's claim.

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quotation marks omitted). To receive qualified immunity, the government official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (quotation marks omitted).

"Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." Id. The plaintiff can do so by satisfying "a two prong test; he must

3

show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004) (footnote omitted).

We begin with the first step of the qualified immunity analysis—whether Officer Commins established that he was acting within his discretionary function.

## A.    Discretionary Function

Officer Commins participated in a police chase to arrest a felony suspect. Given that this activity falls within a police officer's job duties and authority, Officer Commins has established that he was acting within his discretionary function. See Roberts v. Spielman, 643 F.3d 899, 903 (11th Cir. 2011); Jordan v. Doe, 38 F.3d 1559, 1565-66 (11th Cir. 1994) (qualified immunity is available when objective circumstances show that a government official acted pursuant to his job duties and within the scope of his authority); Ferraro, 284 F.3d at 1194 (holding that "there can be no doubt that [the police officer defendant] was acting in his discretionary capacity when he arrested [the plaintiff]").

The district court reached the opposite conclusion after noting that Commins (1) was off-duty when he joined the police chase and (2) may have violated an internal police department rule by continuing the pursuit beyond the borders of his home jurisdiction without obtaining the required approval. But these facts do not change the calculus: an officer may act within his discretionary function even

4

when he is off-duty or when his conduct possibly violates a department policy. What matters is whether the officer "was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." Harland, 370 F.3d at 1265.  Officer Commins's pursuit of a fleeing felony suspect easily meets this test.

The district court erred when it concluded that Officer Commins failed to establish that he was acting within his discretionary function.  We therefore turn to the next prong of the analysis—whether Plaintiff Gaillard proffered evidence to establish a constitutional violation.

## B.    Constitutional Violation

### 1.     Did a Seizure Occur?

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons against unreasonable seizures shall not be violated."  U.S. Const. amend. IV.  A Fourth Amendment seizure occurs "when there is a governmental termination of freedom of movement through means intentionally applied." Scott v. Harris, 550 U.S. 372, 381, 127 S. Ct. 1769, 1776 (2007) (emphasis added).

Officer Commins argues that he did not intentionally strike Gaillard with his police vehicle; he contends, instead, that the collision was an accident and thus not a seizure for purposes of the Fourth Amendment.  Viewed in the light most favorable to Plaintiff Gaillard, however, the record, which includes a video taken

5

from Officer Commins's police vehicle, would support factual findings that Officer Commins (1) intentionally turned and accelerated his car directly towards the unarmed Gaillard and (2) intentionally struck Gaillard with the vehicle in an effort to stop Gaillard's flight and to make an arrest. It is undisputed that Gaillard was fleeing on foot in the paved roadway, was wearing a white t-shirt and tan shorts, was unarmed and fully visible to Officer Commins, and was running from Commins's right to left. Officer Commins does not deny that he turned his vehicle left, accelerated, and struck Gaillard.

In addition, Plaintiff's expert, Anthony Sasso, testified that Officer Commins (1) controlled the path of his vehicle; (2) turned his vehicle left towards Gaillard's running path; (3) accelerated from about 22 miles per hour to about 28 miles per hour; and (4) did not hit the brakes until 1.5 seconds after hitting Gaillard. Sasso opined that Officer Commins could have stopped his vehicle before striking Gaillard and running him over. As such, the record evidence would allow a reasonable jury to find that Officer Commins intentionally struck Gaillard with the police vehicle to stop and arrest him. Intentional use of force to stop and arrest a suspect is a "seizure" for purposes of the Fourth Amendment. See Scott, 550 U.S. at 381, 127 S. Ct. at 1776.

We recognize that Officer Commins contends the collision was an accident and not an intentional use of force to stop Gaillard's flight. Officer Commins says

6

he had to turn and accelerate his police vehicle to avoid hitting the other fleeing suspect and another officer who was chasing the suspects on foot. But the video taken from Officer Commins's vehicle does not show another police officer at all. And, although the other suspect is shown briefly, the video does not establish, conclusively, that Officer Commins needed to turn left and accelerate to avoid hitting the other suspect.[2]

Officer Commins further explains that he accidently hit Gaillard when Gaillard fell in front of the police car.[3] But Plaintiff's expert Sasso testified that Gaillard did not fall in front of Commins's car; instead, Gaillard was knocked to the ground when the front bumper of the police car hit Gaillard's legs. Based on the video and the testimony of plaintiff's expert, a reasonable jury could reject Officer Commins's version of the events and, instead, find that Commins intentionally struck Gaillard to stop and apprehend him.

---

[2]The vision field of the video taken from Officer Commins's car is arguably narrower than Office Commins's entire field of vision during the incident. But, at this stage, the evidence viewed in the light most favorable to Plaintiff Gaillard does not establish conclusively that Officer Commins had to turn and accelerate to avoid hitting the other suspect and/or another officer.

[3]Officer Commins's contention is supported by his expert witnesses: one of the defense experts stated that Gaillard entered the travel path of Officer Commins's vehicle; another defense expert opined that Officer Commins did not have adequate time to avoid hitting Gaillard after Gaillard ran into the vehicle's path. In short, Officer Commins's experts opined that there is no evidence of intentional force.

### 2.      Was the Force Used in the Seizure Objectively Unreasonable?

Assuming a jury found that Officer Commins's striking Gaillard was intentional and thus a "seizure," the next and separate question is whether a jury could find that the means and manner in which Officer Commins seized Gaillard were objectively unreasonable under the circumstances.  See Graham v. Connor, 490 U.S. 386, 395-97, 109 S. Ct. 1865, 1871-72 (1989) (holding that a claim of excessive force in the course of an arrest or other seizure "should be analyzed under the Fourth Amendment and its 'reasonableness' standard").  Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," Bell v. Wolfish, 441 U.S. 520, 559, 99 S. Ct. 1861, 1184 (1979), "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight," Graham, 490 U.S. at 396, 109 S. Ct. at 1872.

Therefore, a police officer's "use of force must be judged on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Jackson v. Sauls, 206 F.3d 1156, 1170 (11th Cir. 2000) (quotation marks omitted and alterations adopted).  "The calculus of reasonableness must embody allowance for the fact that police officers are often

forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396–97, 109 S. Ct. at 1872. Because "[t]he hazy border between permissible and forbidden force is marked by a multifactored, case-by-case balancing test," Jackson, 206 F.3d at 1170 (quotation marks omitted), "[t]he test requires weighing of all the circumstances," Smith v. Mattox, 127 F.3d 1416, 1419 (11th Cir. 1997), and sloshing "through the factbound morass of 'reasonableness,'" Scott, 550 U.S. at 383, 127 S. Ct. at 1778.

"The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Jackson, 206 F.3d at 1170 (quotation marks omitted and alterations adopted). "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." Graham, 490 U.S. at 397, 109 S. Ct. at 1872.

At bottom, "[w]e must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703, 103 S. Ct. 2637 (1983). Given that Officer Commins's appellate brief suggests that hitting the fleeing Gaillard with his vehicle was reasonable

9

under the circumstances, "we must consider the risk of bodily harm that [Officer Commins's] actions posed to [Gaillard] in light of the threat to the public that [Officer Commins] was trying to eliminate." Scott, 550 U.S. at 383, 127 S. Ct. at 1778.

To that end, we conclude that, in the version of events most favorable to Plaintiff Gaillard, the evidentiary record would allow a jury to find Officer Commins's action objectively unreasonable under the circumstances. Importantly, this is not a case where a high-speed car chase remained in progress. Instead, the suspects' vehicle spun off the road and came to a complete stop. An unarmed Gaillard then abandoned the vehicle and fled on foot. In his deposition, Officer Commins admitted that when he saw Gaillard running, Gaillard "wasn't brandishing a weapon, putting a third party at risk [or] another officer at risk." Officer Commins conceded that Gaillard "didn't show any reason for any deadly force."

Viewing the evidence in the light most favorable to Plaintiff Gaillard, we conclude that a reasonable jury could find that (1) Officer Commins applied deadly force when he struck Gaillard with his police vehicle in order to stop and arrest him and (2) Gaillard was unarmed and did not pose a threat to a police officer or to a third party. A jury could therefore conclude that Officer Commins's action was objectively unreasonable under the circumstances.

## C.    Clearly Established Law

To defeat Officer Commins's qualified immunity, Plaintiff Gaillard must show not only a constitutional violation but also that Officer Commins violated constitutional law clearly established at the time.  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Saucier v. Katz, 533 U.S. 194, 202, 121 S. Ct. 2151, 2156 (2001). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate."  Id.

A plaintiff "can demonstrate that the contours of the right were clearly established in several ways."  Terrell v. Smith, 668 F.3d 1244, 1255 (11th Cir. 2012).  "First, the plaintiffs may show that 'a materially similar case has already been decided.'"  Id. (quoting Mercado v. City of Orlando, 407 F.3d 1152, 1159 (11th Cir. 2005)).  "Second, the plaintiffs can point to a broader, clearly established principle that should control the novel facts of the situation."  Id. (quotation marks omitted and alterations adopted).  "Finally, the conduct involved in the case may so obviously violate the constitution that prior case law is unnecessary."  Id. (quotation marks omitted and alterations adopted).

Assuming a jury finds that (1) Officer Commins intentionally struck Gaillard with his police vehicle to effect an arrest (as opposed to an accidental collision),

11

and (2) that this action was an objectively unreasonable use of force under the circumstances, the question is whether there was law clearly established to alert Officer Commins that his chosen course of conduct would violate the Fourth Amendment.  In Tennessee v. Garner, 471 U.S. 1, 105 S. Ct. 1694 (1985), the Supreme Court explicitly addressed "the constitutionality of the use of deadly force to prevent the escape of an apparently unarmed suspected felon" fleeing on foot. Id. at 3, 105 S. Ct. at 1697.  The Supreme Court concluded that "such force may not be used unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others."  Id.

To be sure, "Garner did not establish a magical on/off switch that triggers rigid preconditions whenever an officer's actions constitute 'deadly force.'"  Scott, 550 U.S. at 382, 127 S. Ct. at 1777.  Instead, "Garner was simply an application of the Fourth Amendment's 'reasonableness' test to the use of a particular type of force in a particular situation," id. (citations omitted); specifically, the scenario of an unarmed burglary suspect fleeing on foot, see Garner, 471 U.S. at 21, 105 S. Ct. at 1706.  Accordingly, Garner does not constitute clearly established law for cases where, for example, the officer was threatened with a deadly weapon, see Terrell, 668 F.3d at 1257, or when a felon is "set on avoiding capture through vehicular

12

flight and persons in the immediate area are at risk from that flight," see Brosseau v. Haugen, 543 U.S. 194, 200, 125 S. Ct. 596, 600 (2004) (footnote omitted).[4]

But, Garner does clearly establish the law, even in a car chase scenario, where the suspect "did not use or did not threaten to use his car as a weapon." Morton v. Kirkwood, 707 F.3d 1276, 1283 (11th Cir. 2013); Vaughan v. Cox, 343 F.3d 1323, 1327-32 (11th Cir. 2003). And, of course, Garner clearly established the law for the use of deadly force in the pursuit of an unarmed suspected felon fleeing on foot. See 471 U.S. at 21, 105 S. Ct. at 1706.

Viewed in the light most favorable to Plaintiff Gaillard, the facts here are materially similar to Garner: Officer Commins realized that the vehicle chase was over and that Gaillard was an unarmed suspected felon fleeing on foot. In that scenario, Garner clearly put Officer Commins on notice that the use of deadly force would be objectively unreasonable unless he had "probable cause to believe that [Gaillard] pose[d] a significant threat of death or serious physical injury to

---

[4]See also Pace v. Capobianco, 283 F.3d 1275, 1283 (11th Cir. 2002) (stating that Garner did not serve as clearly established law "where the fleeing suspect appeared to be dangerous by virtue of his hazardous driving during the long, nighttime car chase and where the suspect remained in his automobile with the engine running, even when almost surrounded by officers and where—IF the chase had ended at all—it had ended (at most) a very few seconds before the officers fired and, even then, the suspect's car started driving away again, causing more shots to be fired"); accord. Adams v. St. Lucie Cnty. Sheriff's Dep't, 962 F.2d 1563, 1577 (11th Cir. 1992) (Edmondson, J., dissenting), adopted by 998 F.2d 923, 923 (11th Cir. 1993) (en banc).

[Commins] or others." 471 U.S. at 3, 105 S. Ct. at 1697. Garner thus serves as clearly established law for this case.[5]

In sum, we conclude that Officer Commins has not shown that the district court erred in denying him summary judgment on the basis of qualified immunity as to Gaillard's excessive force claim under the Fourth Amendment.

## II. GAILLARD'S REMAINING FEDERAL CLAIMS

The district court, however, erred in denying summary judgment to Officer Commins as to Gaillard's (1) procedural due process, (2) free speech, and (3) substantive due process claims. Only the substantive due-process claim merits discussion.

The Supreme Court has held that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham, 490 U.S. at 395, 109 S. Ct. at 1871. Thus, Gaillard's claim that Officer Commins violated the Constitution by using his

---

[5]We also note that Officer Commins's police department has explicitly adopted Garner as its rule for the use of deadly force. Officer Commins was aware of this rule and conceded in his deposition that deadly force was not warranted in this case. Officer Commins explained that he did not intend to use deadly force and that the collision was an accident. As noted earlier, a jury will have to decide whether the collision was an accident or an intentional use of force to apprehend the fleeing Gaillard.

14

vehicle to seize Gaillard is cognizable only under the Fourth Amendment excessive-force analysis set forth above.

The district court reasoned, however, that a substantive due process claim could lie as an alternative theory of recovery. This, according to the district court, would be viable if the jury concluded that Officer Commins intentionally struck Gaillard not to arrest him—but to harm him unrelated to the legitimate objective of arresting Gaillard. While this theory may have legal merit in the abstract, see Cnty. of Sacramento v. Lewis, 523 U.S. 833, 854, 118 S. Ct. 1708, 1720 (1998), no evidence here would allow a jury to conclude that Officer Commins intended to hit Gaillard only to hurt him—totally unrelated to effecting an arrest. Plaintiff Gaillard has not pointed us to record evidence from which a jury could find, or even infer, that Officer Commins acted with such sinister purpose.[6]

## III. GAILLARD'S STATE-LAW CLAIMS

The district court denied summary judgment to Officer Commins on Gaillard's state law claim for wrongful death based on willful or malicious acts. As a peace officer, Commins is generally immune from state-law tort liability under Alabama Code § 6-5-338. An exception applies for acts committed "willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or

---

[6]The district court granted summary judgment in favor of Officer Commins with respect to Gaillard's federal equal-protection claim under the Fourteenth Amendment. This ruling is not before us in this appeal.

under a mistaken interpretation of the law." See Ex parte Cranman, 792 So. 2d 392, 405 (Ala. 2000).

At this stage, questions of fact remain whether Officer Commins's conduct meets one of the criteria sufficient to trigger this exception under Alabama law. See Morton, 707 F.3d at 1285-86; Ex parte City of Montgomery, 99 So. 3d 282, 293-98 (Ala. 2012); Grider v. City of Auburn, Ala., 618 F.3d 1240, 1254-56, 1267-68 (11th Cir. 2010); Brown v. City of Huntsville, Ala., 608 F.3d 724, 740-42 (11th Cir. 2010); Ex parte Nall, 879 So. 2d 541, 546 (Ala. 2003); Ex parte Tuscaloosa Cnty., 796 So. 2d 1100, 1107 (Ala. 2000); Couch v. City of Sheffield, 708 So. 2d 144, 153–54 (Ala. 1998); Sheth v. Williams, 145 F.3d 1231, 1239-40 (11th Cir. 1998); Wright v. Wynn, 682 So. 2d 1, 2 (Ala. 1996).

We therefore affirm the district court's denial of summary judgment as to Gaillard's state law claim for wrongful death premised on willful or malicious acts.[7]

## IV. CONCLUSION

For the above reasons, we affirm the district court's denial of summary judgment as to Gaillard's excessive force claim under the Fourth Amendment and Gaillard's wrongful-death claim under Alabama state law.   We reverse the district

---

[7]The district court granted summary judgment in favor of Officer Commins as to Gaillard's state-law claims based on negligence or wantonness.  This ruling is not part of this appeal.

16

court's denial of summary judgment with respect to Gaillard's (1) procedural due process, (2) free speech, and (3) substantive due process claims.  We remand for the district court to enter judgment for Officer Commins on these three federal claims and to proceed to trial on Plaintiff Gaillard's excessive-force claim under the Fourth Amendment and on Gaillard's remaining Alabama state-law claim.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**