# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2025

Lyle W. Cayce
Clerk

No. 24-50998
Summary Calendar

———————————

Samantha Lee-Ann Sealey,

*Plaintiff—Appellant*,

*versus*

Arturo Mancias; City of San Antonio,

*Defendants—Appellees*.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-399

———————————

Before Davis, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Samantha Lee-Ann Sealey paid a late-night visit to a 7-Eleven in San Antonio, Texas. A police officer with a warrant for Sealey's arrest met her in the parking lot with handcuffs. When the officer turned his back, she made a break for it. In a foot chase, the officer drew close and Sealey fell face-first onto the pavement, her hands still cuffed behind her back. Sealey says that

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50998

she was shoved and brought claims under 42 U.S.C. § 1983 for violations of her Fourth Amendment rights. The district court concluded that the officer was entitled to qualified immunity and dismissed Sealey's complaint for failure to state a claim. Sealey appeals. We AFFIRM.

## I.

Sealey brought this action against Officer Arturo Mancias and the City of San Antonio.[1] Her complaint pressed two Fourth Amendment claims: one for excessive force against the officer and another for failure to train or supervise against the City. Officer Mancias and the City filed motions to dismiss under Rule 12(b)(6). Officer Mancias invoked qualified immunity, while the City argued that the *Monell*[2] claim had not been sufficiently pled. The district court granted those motions, and this appeal followed.

## II.

In her opening brief, Sealey challenged the district court's dismissal of her excessive-force claim on qualified-immunity grounds. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[3] Federal "courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first."[4] Exercising

---

[1] Sealey's original complaint also named the San Antonio Police Department as a defendant. She later amended her complaint, dropping the Department as a party defendant.

[2] *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (establishing the criteria for municipal liability under § 1983).

[3] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[4] *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

No. 24-50998

that discretion, the district court resolved Sealey's claim against Officer Mancias on the second prong, holding that no clearly established Fourth Amendment violation occurred. On de novo review,[5] we elect to begin with the first.

## A.

"An officer violates the Fourth Amendment when an arrestee suffers an injury that results directly and only from a clearly excessive and objectively unreasonable use of force."[6] Because "police officers are often forced to make split-second judgments," we must not critique their actions "with the 20/20 vision of hindsight."[7] Instead, the test is objective reasonableness. To that end, a plaintiff must allege what a reasonable officer would have done under the circumstances.[8] Sealey did not.

Sealey's complaint states that Officer Mancias violated her Fourth Amendment rights when he "unnecessarily pushed [her], rather than using the appropriate level of force, de-escalating the situation and apprehending [her] without inflicting serious physical injuries." But "reasonableness . . . does not necessarily or invariably turn on the existence of alternative 'less intrusive' means."[9] Accepting Sealey's allegations as true, Officer Mancias's split-second decision to use force was reasonable to apprehend a suspect in active flight. Sealey does not specify what superior alternative he

---

[5] *See, e.g.*, *Anderson v. Estrada*, 140 F.4th 634, 641 (5th Cir. 2025).

[6] *Wilson v. City of Bastrop*, 26 F.4th 709, 713 (5th Cir. 2022) (quoting *Cloud v. Stone*, 993 F.3d 379, 384 (5th Cir. 2021)).

[7] *Graham v. Connor*, 490 U.S. 386, 396–97 (1989).

[8] *See Jackson v. Gautreaux*, 3 F.4th 182, 188 (5th Cir. 2021).

[9] *Illinois v. Lafayette*, 462 U.S. 640, 647 (1983).

No. 24-50998

had. By failing to do so, she has failed to plausibly allege a Fourth Amendment violation.

## B.

Even if Sealey alleged a constitutional violation, it would not be clearly established. "The clearly established inquiry is especially demanding for excessive force claims."[10] "The right may not be defined at a 'high level of generality' because the question is 'whether the violative nature of particular conduct is clearly established.'"[11] "Rights are 'clearly established' when 'existing precedent squarely governs the specific facts at issue,' *not* when a rule is merely 'suggested by then-existing precedent.'"[12]

Sealey asserts a right that prohibits an officer from "viciously" pushing her "to the concrete ground" while evading arrest. But she identifies no "controlling authority or ... robust consensus ... of persuasive authority" suggesting that this right is of a constitutional dimension.[13] Instead, each case she cites recognizes a different right.

Sealey chiefly relies on *Tennessee v. Garner*, 471 U.S. 1 (1985). "At most, *Garner* prohibits using deadly force against an unarmed burglary suspect fleeing on foot who poses no immediate threat."[14] And *Garner* did

---

[10] *Santander v. Salazar*, 133 F.4th 471, 480 (5th Cir. 2025) (citation modified).

[11] *Id.* (quoting *al-Kidd*, 563 U.S. at 742).

[12] *Henderson v. Harris County*, 51 F.4th 125, 132 (5th Cir. 2022) (first quoting *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam); and then quoting *City of Tahlequah v. Bond*, 595 U.S. 9, 13 (2021) (per curiam)).

[13] *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *al-Kidd*, 563 U.S. at 741–42).

[14] *Harmon v. City of Arlington*, 16 F.4th 1159, 1167 (5th Cir. 2021).

not address whether a "vicious" shove amounted to deadly force. So, *Garner* is of no help.

Sealey's circuit cases fare no better. *See Singleton v. Casanova*, No. 22-50327, 2024 WL 2891900, at *8 (5th Cir. June 10, 2024); *Aguirre v. City of San Antonio*, 995 F.3d 395, 414 (5th Cir. 2021); *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 276–77 (5th Cir. 2015); *Gaillard v. Commins*, 562 F. App'x 870, 876–77 (11th Cir. 2014). She cites those authorities for the proposition that Officer Mancias's conduct constituted an "obvious" constitutional violation under *Garner*. Sealey has identified no judicial opinion—and we have found none—involving even remotely similar facts to those presented here which would've placed Officer Mancias on notice that his conduct violated a constitutional right. Nor does the rule of *Garner*, discussed above, and that case's progeny impel the conclusion that an officer may not shove a fleeing suspect to the ground. Therefore, accepting Sealey's account of the facts, this case falls short of the "sky high" standard of obviousness.[15] Because Sealey's proffered right was not clearly established, the district court properly concluded that Officer Mancias was shielded by qualified immunity and dismissed the § 1983 claim against him.

## III.

Sealey also raised a late challenge to the district court's dismissal of her *Monell* claim against the City in her reply brief. But because her opening brief made no mention of that issue, she forfeited her opportunity to argue against the dismissal of that claim.[16]

---

[15] *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 337 (5th Cir. 2020).

[16] *See, e.g.*, *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 751 (5th Cir. 2023).

No. 24-50998

## IV.

The judgment of the district court is AFFIRMED.